5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles ROUSE, Defendant-Appellant.
 No. 91-30379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Rouse appeals his conviction, following a jury trial, for use of the United States mail to distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), 843(b). Pursuant to Anders v. California, 386 U.S. 738 (1967), Rouse's counsel filed a motion to withdraw as counsel of record and submitted a brief which identifies two arguable issues for review: (1) whether the district court erred by denying Rouse's motion to suppress evidence seized from his person because law-enforcement officers lacked probable cause to arrest him; and (2) whether the district court erred by denying Rouse's motion for a new trial based upon a newspaper article which allegedly prejudiced the jury. We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's request to withdraw and affirm the district court's judgment.[1]
 
 A. Motion to Suppress
 
 3
 We review de novo the district court's determination that probable cause existed for a warrantless arrest. United States v. Lim, 984 F.2d 331, 337 (9th Cir.), cert. denied, 61 U.S.L.W. 3818 (U.S. June 7, 1993) (No. 92-8546).
 
 
 4
 "Probable cause exists when the police have reasonably trustworthy information sufficient to lead a prudent person to believe that the accused has committed or is committing a crime." Id. "Probable cause may be based on the collective knowledge of all of the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom." United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992).
 
 
 5
 The parties stipulated to the relevant facts. In December 1990, postal authorities in Kennewick, Washington received two packages containing methamphetamine addressed to an individual named Karen Loewen. The return address on both packages was "Ryan, 3714 Nimitz, S/D CA 92109." Postmarks indicated both packages had been mailed from Oregon. Authorities determined the California return address was fictitious.
 
 
 6
 Subsequent investigation led postal inspectors to an individual named Charles Ryan. Ryan's business records disclosed an Oregon driver's license number from which postal inspectors obtained a physical description of Ryan and his home address. After obtaining an arrest warrant for Ryan, postal inspectors and local authorities attempted to execute it at Ryan's residence. A woman answered the door and stated she had not seen Ryan since he left for London six months ago. She further stated that she rented the home with her fiancee Charles Rouse. While authorities were at the residence, an individual identifying himself as Charles Rouse drove up in a truck. Authorities ran a check on the truck's license plates and determined the truck was registered to Charles Ryan.
 
 
 7
 Rouse stated he was a British citizen and had last seen Ryan about six months ago when Ryan left for London. Although Rouse indicated he was only visiting the United States, he refused to produce a passport for the postal inspectors. Rouse further stated he was renting Ryan's house but did not have a phone number or address to reach him. Rouse then presented a California's driver's license which contained a physical description identical to the Oregon driver's license registered to Ryan. The birthdates were slightly different, May 3, 1945 and May 15, 1947.
 
 
 8
 The inspectors asked Rouse for his fingerprints, handwriting samples and a photograph of himself. Rouse complied with the request. When shown a photocopy of a label off one of the packages, Rouse stated "it looks like something I just wrote--my handwriting," but he denied mailing any packages.
 
 
 9
 The inspectors left the residence to evaluate the available information with local authorities. Based upon their experience, the postal inspectors determined Rouse's handwriting sample matched the writing on the package labels. Additionally, the inspectors knew that the packages had been mailed less than one hour from Rouse's residence. The inspectors then returned to the residence and arrested Rouse. During a search incident to the arrest, authorities found a small address book containing "3714 Nimitz, S/D, CA 92109." The book also contained the name "Karen."
 
 
 10
 These facts, combined with the postal inspectors' experience in comparing handwriting exemplars, amply support the district court's finding of probable cause underlying Rouse's arrest.[2] See Garza, 980 F.2d at 550.
 
 B. Motion for New Trial
 
 11
 Rouse contends the district court erred by denying his motion for new trial. He argues that an article in a local newspaper concerning methamphetamine use by a murder victim in an unrelated case allegedly prejudiced the jury deliberations. We disagree.
 
 
 12
 We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. LaFleur, 971 F.2d 200, 206 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993). "Although we review alleged juror misconduct independently, we accord 'substantial weight' to the district court's conclusion as to the effect of the misconduct." Id.
 
 
 13
 Here, seven days after trial, Rouse filed his motion for a new trial. Rouse argued that the article, which appeared in a local newspaper on the day the jury delivered its verdict, prejudiced the deliberations. The district court reserved ruling on the motion for one month pending the presentation of evidence showing that the article prejudiced the jury. Rouse did not present any evidence. The district court therefore did not abuse its discretion by denying his motion for a new trial. See LaFleur, 971 F.2d at 206-07.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review
 
 
 [2]
 Rouse also requests that we remand the case for additional factual findings on "whether the arrest was in his home without warrant and without exigent circumstances." We deny Rouse's request because he waived such a defense by failing to raise it prior to his trial. See Fed.R.Crim.P. 12(f)