5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley SWANSON, Defendant-Appellant.
 No. 92-30449.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-92-128-01-JET; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Swanson appeals his convictions after entry of conditional guilty pleas to two counts manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Swanson contends the district court erred by denying his motion to suppress evidence seized from his residence because material misrepresentations and omissions in the warrant affidavit required the court to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Background
 
 3
 On October 28, 1991, the Drug Enforcement Administration (DEA) received information that Swanson was growing and distributing marijuana at a residence in Washington. On November 9, 1991, DEA Special Agents Yandel Moss and Yong Chin surveilled the residence and detected the smell of growing marijuana emanating from it. Both agents had smelled growing marijuana on at least ten separate occasions and were familiar with its odor.
 
 
 4
 On November 12, 1991, Agent Moss and Washington State Trooper Ken Knies surveilled the residence and determined that parked vehicles were registered to Swanson. On December 6, 1991, Agent Moss reviewed electric bills which indicated that Swanson lived at the residence and used unusually high amounts of electricity. The high electrical use was consistent with indoor marijuana cultivation because marijuana plants require high intensity light.
 
 
 5
 On December 4, 1991, Agent Moss and Trooper Knies surveilled the residence and observed a motion detector system label on the front door, rear security lights, a dog in the backyard, and water-stained curtains in the basement. High intensity lights used to grow marijuana plants produce moisture on curtains. On December 26, 1991 Agent Moss and Trooper Knies, who were both standing approximately ten to fifteen yards from the residence, detected the odor of growing marijuana emanating from it. Trooper Knies had smelled marijuana on at least ten separate occasions and was familiar with its odor.
 
 
 6
 Agent Moss signed an affidavit setting forth the foregoing facts and submitted it to a magistrate judge. The magistrate issued a warrant to search Swanson's residence. Law-enforcement officers executed the warrant to search Swanson's residence and seized approximately 277 marijuana plants and cultivation equipment.
 
 
 7
 Swanson filed a motion to suppress the evidence based upon allegedly reckless or intentional omissions in the warrant affidavit. The district court found that no statements were deliberately omitted or negligently admitted and held that there was probable cause to support the warrant. We agree.
 
 B. Analysis
 
 8
 We review de novo the district court's ruling regarding allegedly false statements and their effect on probable cause, United States v. Mittelman, No. 92-10623, slip op. 7659, 7664 (9th Cir. July 21, 1993), and the court's denial of a Franks hearing, United States v. Lingenfelter, Nos. 92-50348, 92-50359, 92-50362, slip op. 6735, 6750 (9th Cir. June 30, 1993). We review for clear error the district court's determination regarding whether a statement was intentionally or recklessly false. Mittelman, slip op. at 7664-65. We accord "great weight" to the district court's credibility determinations. United States v. Allen, 699 F.2d 453, 459 (9th Cir.1982); see also United States v. Kerr, 876 F.2d 1440, 1444 (9th Cir.1989).
 
 
 9
 A search warrant must be supported by an affidavit establishing probable cause under the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. DeLeon, 979 F.2d 761, 764 (9th Cir.1992). Under Gates, our inquiry is "whether in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband ... will be found in a particular place." DeLeon, 979 F.2d at 764. The presence of the odor of narcotics alone may be sufficient to establish probable cause. Id. at 765; see also Kerr, 876 F.2d 1440 at 1445.
 
 
 10
 "A defendant is entitled to a Franks hearing only where he or she makes a substantial preliminary showing that 'the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.' " Lingenfelter, slip op. at 6750 (quoting United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended on other grounds, 769 F.2d 1410 (9th Cir.1985)). Only omitted facts which cast doubt on the existence of probable cause constitute a misrepresentation. United States v. Garza, 980 F.2d 546, 551 (9th Cir.1992).
 
 
 11
 On appeal, Swanson contends he was entitled to a Franks hearing because: (1) proffered expert testimony would have established that the human nose is incapable of distinguishing the odor of growing marijuana from that of other plants found in the northwest; (2) none of the law-enforcement officers were qualified to detect the odor of growing marijuana; (3) the affidavit fails to state that Swanson's residence was set close to two other homes and amidst significant foliage; (4) the affidavit fails to state that Swanson's home had high intensity lights outside the house and down the driveway; and (5) Agent Moss failed to disclose that he walked past a "No Trespass" sign to make his observation regarding the water-stained curtains. These arguments are unpersuasive.
 
 
 12
 At a suppression hearing, Swanson made an of offer proof that Dr. Lawrence Halpern, a pharmacology professor at the University of Washington Medical School, would testify that the human nose was incapable of distinguishing between the odor of growing marijuana and the odor of other plants found in the northwest. The district court refused to allow Halpern to testify. Agent Moss testified that: he had been involved in at least ten search warrants involving the smell of marijuana; growing marijuana has a distinctive odor; he smelled the odor of growing marijuana emanating from Swanson's home; he used a common driveway providing access to Swanson's home and two other residences to make his observations; and he did not observe substantial outside lighting.
 
 
 13
 Despite the proffered testimony of Dr. Halpern, Swanson admitted at the hearing that Halpern had not tested the marijuana in question and would merely testify about studies regarding the ability of the human nose to detect the odor of growing marijuana. This speculative offer was insufficient to require a Franks hearing. See Lingenfelter, slip op. at 6750. Moreover, Dr. Halpern's proffered testimony conflicts with our case law. See, e.g., DeLeon 979 F.2d at 765 (smell alone may be sufficient to constitute probable cause for a warrant if the affiant is qualified to detect the odor of growing plants). Finding Agent Moss' testimony credible, the court determined that no alleged misrepresentations or omissions resulted from deliberate action by Moss. We defer to the court's credibility determinations. See Kerr, 876 F.2d at 1444; Allen, 699 F.2d at 459.
 
 
 14
 Accordingly, the court did not err by finding that probable cause supported the search warrant, see Garza, 980 F.2d at 551, and properly denied Swanson's request for a Franks hearing, see Lingenfelter, slip op. at 6750.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Swanson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3