19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Allen BURTON, a/k/a Cliff Burton, Defendant-Appellant.
 No. 93-50153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Allen Burton appeals his convictions following jury trial on four counts of transmitting radio signals without a license from the Federal Communications Commission (FCC) in violation of 47 U.S.C. Secs. 301(a), 501. Burton contends the district court erred by denying his motion for judgment of acquittal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We must presume the jury resolved all credibility issues in favor of the government. United States v. Garza, 980 F.2d 546, 552 (9th Cir.1992).
 
 
 4
 In order to sustain a conviction for transmitting radio signals without a license, the government must prove three elements: (1) that the defendant knowing used or operated an apparatus for the transmission of radio signals from one place in a State to another place in the same State; (2) that the defendant used or operated such an apparatus without having a license from the FCC authorizing him to use it; and (3) that the defendant knew that he did not have, and knew that he was required to have, a Federal license or that the defendant acted in reckless disregard of the licensing requirement. 47 U.S.C. Secs. 301(a), 501; see also United States v. Simpson, 561 F.2d 53, 61-62 (7th Cir.1977).
 
 
 5
 On appeal, Burton challenges only the sufficiency of the evidence establishing his identity during the transmission of radio signals on May 5, May 20, July 4, and July 6, 1992. He argues that testimony regarding identification of him as being the person speaking on the air on the dates in question was not sufficiently reliable to sustain his conviction. This argument lacks merit.
 
 
 6
 "[O]nce a prima facie case of voice authorship is established, the identity of the speaker is an issue of fact and may be established by circumstantial evidence." United States v. Turner, 528 U.S. 143, 163 (9th Cir.) (witness' identification of defendants' voices corroborated by telephone records sufficient to sustain convictions), cert. denied, 423 U.S. 996 (1975) and 429 U.S. 837 (1976).
 
 
 7
 Here, James Zoulek, the Engineer-in-Charge for the FCC's office in Cerritos, California, testified to the following. Zoulek was familiar with Burton's voice, having heard it hundreds of times on the radio and about 15 times in person or on the telephone. Zoulek identified Burton's voice on taped recordings of radio transmissions on May 5, May 20, July 4, and July 6, 1992. Burton was known by a number of nicknames including "grandma," "the element," "the elephant," and "whale." The speaker Zoulek identified as Burton on the taped recordings of radio transmissions for the dates in question responded to those nicknames in addition to the name "Richard Burton." On May 5 and May 20, 1992, Zoulek determined that the radio signals being transmitted by the speaker he identified as Burton originated from the Palos Verdes area where Burton's apartment was located. On July 6, 1992, Zoulek used a specially equipped FCC automobile and tracked one of the transmissions to Redondo Beach, California, where he observed Burton sitting in an automobile equipped with an amateur radio transmission antenna holding what appeared to be a microphone. Zoulek saw Burton's mouth moving as he heard Burton's voice on the radio frequency he had been tracking.
 
 
 8
 William Brady testified: (1) that he had known defendant for twenty years and was very familiar with Burton's voice; (2) that he identified Burton's voice on a taped recording of a radio transmission from May 5, 1992; and (3) that he spoke to Burton on the air on May 5, 1992.
 
 
 9
 A rational jury could convict Burton for transmitting radio signals without a license based upon Zoulek's identification of Burton's voice on each of the four radio transmissions at issue, Zoulek's observations of Burton mouthing words into a mircophone in a vehicle containing a whip antenna, and Brady's identification of Burton's voice on the May 5, 1992 taped radio transmission. Even if voice identification alone were insufficient to establish identity, Zoulek's testimony regarding his observations of Burton on July 6, 1992 is circumstantial evidence corroborating the voice identification on the other dates. Additionally, Brady identified Burton's voice on the tape from May 5, 1992. This evidence sufficiently supports the convictions for transmitting without a license. See Turner, 528 F.2d at 161, 163.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3