43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Quinteros VALENCIA, a/k/a Mario Lopez, Defendant-Appellant.
 No. 94-30012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1994.*
Decided Dec. 13, 1994.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Quinteros Valencia appeals his convictions for conspiring to distribute cocaine, distributing cocaine, and possessing cocaine with intent to distribute it, on the ground that the evidence against him was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures. This court has jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS
 
 3
 On July 26, 1993, an undercover Tacoma police officer arranged, through a confidential informant, to purchase cocaine from Miguel Ramos-Urena, who had sold cocaine to the informant on a prior occasion. Prior to the arranged transaction, Tacoma police surreptitiously followed Ramos on his travels that day. While doing so, they observed Ramos meeting with Appellant Miguel Quinteros Valencia in the rear parking lot of a K-Mart. Valencia removed one or more brick sized packages from his car and handed them to Ramos, who put the packages in his car. The officers believed that they had witnessed a drug transaction.
 
 
 4
 Tacoma police then followed Appellant Valencia, while other officers arrested Ramos. Valencia drove his car to a hotel in Kent, Washington, and entered Room 0-253. The officers then submitted an affidavit and obtained a warrant to search that hotel room for controlled substances, scales, packaging materials and other evidence of drug trafficking.
 
 
 5
 In the hotel room the police found a kilogram of cocaine, cocaine packaging materials, a gram scale, and papers and documents in the false name that appellant was using. While the room was being searched, the police observed Valencia parking a red Honda in the hotel lot and entering the hotel room. They then arrested Valencia and obtained a warrant to search the Honda.
 
 
 6
 A search of the car revealed drug packaging material, but no cocaine. However, a narcotics dog alerted to the car. Police then seized and impounded the car as evidence and as a forfeitable asset under state law.
 
 
 7
 In September, 1993, a woman named Anna Harris filed with Tacoma police a sworn affidavit seeking return of the Honda on the ground that she was an innocent owner. She initially agreed to undergo a polygraph test, but declined to do so after being informed that the address she had listed as hers was the same as that used to rent the hotel room, and that a different car driven by Miguel Ramos-Urena, who had initially accepted the cocaine delivery from Valencia, was registered under the same address as that given by Harris.
 
 
 8
 Because of Harris' suspicious attempt to recover the car, police searched it a second time on September 30, 1993. This time they found a hidden compartment which contained a kilogram of cocaine and $100,000 in cash.
 
 PROCEEDINGS
 
 9
 Valencia filed motions to suppress the evidence obtained from the hotel room and the car, arguing lack of probable cause. By order of October 22, 1993, the district judge denied the motions to suppress.
 
 
 10
 On October 25, 1993, Valencia entered a guilty plea for conspiring to distribute cocaine, distributing cocaine, and possessing cocaine with intent to distribute cocaine. As part of that plea, Valencia reserved the right to appeal denial of the motions to suppress.
 
 DISCUSSION
 
 11
 I. The Magistrate's Decision To Issue The Warrant Was Not Clearly Erroneous
 
 
 12
 Valencia argues that the warrant to search the hotel room was not supported by probable cause. This court will not reverse the Magistrate's probable cause determination absent a showing of clear error. U.S. v. Garza, 980 F.2d 546, 550 (9th Cir.1992).
 
 
 13
 We have previously recognized that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." Id. at 551. The affidavit in support of the search warrant established that police officers watched Valencia deliver brick-shaped packages to a known cocaine dealer and then drive to his hotel room. Based on their experience, the officers concluded that the hotel room probably contained evidence of drug trafficking. In weighing the evidence supporting a request for a search warrant, a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found. U.S. v. Ayers, 924 F.2d 1468, 1479 (9th Cir.1991). Hence the Magistrate did not err in finding probable cause to search the hotel room.
 
 
 14
 II. The Warrant Was Reasonably Specific In Its Description of The Objects of the Search
 
 
 15
 Valencia also argues that the warrant was invalid because the items to be seized were not described with sufficient specificity. The warrant listed several items to be seized, including (1) controlled substances including cocaine, (2) scales and utensils used to mix, cut, and package cocaine, (3) firearms and ammunition, (4) packaging materials such as plastic bags and bottles, and so forth. It sufficiently limited the scope of the search to avoid constitutional infirmity under the Fourth Amendment, effectively telling the executing officers "to seize only those items related to illegal drug trafficking." United States v. Fannin, 817 F.2d 1379, 1383 (9th Cir.1987).
 
 
 16
 III. The Search Of The Honda Was Not Unreasonable
 
 
 17
 Valencia argues that the second search of the Honda seized at the time of his arrest was not supported by probable cause. Once a vehicle is in police custody, as it was at the time of the second search, the police may search the vehicle on the basis of probable cause without a warrant. United States v. Johns, 469 U.S. 478, 484 (1985). The suspicious behavior of Anna Harris, who attempted to reclaim the vehicle as an innocent owner, coupled with the fact that the narcotics dog alerted to the vehicle, gave the police probable cause for the second search, which revealed $110,000 and one kilogram of cocaine.
 
 
 18
 For the reasons stated above, the district court's order denying Valencia's motion to suppress evidence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3