**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricardo GARZA, Defendant-Appellant.**

**No. 91–30240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1992.

Decided June 29, 1992.

John R. Muenster, Mestel & Muenster, Seattle, Wash., for defendant-appellant.

Thomas M. Gannon, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before: PREGERSON, TROTT and KLEINFELD, Circuit Judges.

PREGERSON, Circuit Judge:

Ricardo Garza appeals his convictions following a jury trial at which he was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Garza contends the district court erred by: (1) denying his motion to suppress evidence resulting from his arrest because his arrest was not supported by probable cause; (2) denying his motion to suppress evidence seized pursuant to an allegedly defective search warrant; (3) denying his motion to dismiss the conspiracy count for insufficient evidence; (4) denying his motion to dismiss the distribution count for insufficient evidence; (5) improperly admitting into evidence hearsay statements of alleged co-conspirators; (6) improperly instructing the jury on the conspiracy count; (7) improperly instructing the jury on the distribution count; and (8) improperly instructing the jury on "reasonable doubt." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

### Probable Cause to Support the Arrest

Garza contends that police officers had no probable cause to arrest him and that all evidence derived from his arrest should have been suppressed by the district court. In support of this contention, Garza argues the district court clearly erred by finding (1) that he was arrested one-and-one-half blocks away from the location of the drug transaction, and (2) that a codefendant had stated that his drug source was driving a red car (Garza was driving a red car when he was arrested). In addition, Garza claims the district court improperly relied on a police officer's past experience rather than the officer's present, particularized probable cause when making its determination. These contentions are without merit.

A warrantless arrest must be supported by probable cause. *United States v. Del Vizo,* 918 F.2d 821, 825 (9th Cir.1990) (pattern of activity consistent with partic-

ipation in drug trafficking sufficient basis for probable cause to arrest); *United States v. Hoyos,* 892 F.2d 1387, 1392 (9th Cir.1989) (same), *cert. denied,* — U.S. —, 111 S.Ct. 80, 112 L.Ed.2d 52 (1990). The determination of probable cause is a mixed question of law and fact in which the legal issues predominate, and is therefore subject to de novo review. *Hoyos,* 892 F.2d at 1392; *United States v. Smith,* 790 F.2d 789, 791 (9th Cir.1986). We must accept the underlying facts as found by the district court unless clearly erroneous. *United States v. Greene,* 783 F.2d 1364, 1367 (9th Cir.1986), *cert. denied,* 476 U.S. 1185, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986).

■ "Probable cause exists when, 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'" *United States v. Potter,* 895 F.2d 1231, 1233–34 (9th Cir.) (quoting *Smith,* 790 F.2d at 792), *cert. denied,* 497 U.S. 1008, 110 S.Ct. 3247, 111 L.Ed.2d 757 (1990)); *see also Del Vizo,* 918 F.2d at 825. Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. *Hoyos,* 892 F.2d at 1392. Thus, seemingly innocent conduct may provide the basis for probable cause when viewed in light of all of the information known at the time of the arrest. *United States v. Rodriquez,* 869 F.2d 479, 483 (9th Cir.1989) (pattern of activity consistent with participation in drug trafficking sufficient basis for probable cause to stop vehicle and arrest defendant when he took delivery of vehicle from persons suspected of involvement in narcotics trafficking, even though surveilling officers saw no narcotics). "The arresting officer need not have personal knowledge of the facts sufficient to constitute probable cause. Probable cause may be based on the collective knowledge of all of the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom." *Hoyos,* 892 F.2d at 1392 (citations omitted).

Here, at the time Garza was arrested, agents were aware of the following facts: the supplier in an aborted attempt to deliver cocaine to Drug Enforcement Agency (DEA) Agent Gassett on the previous day had been driving a red car; Garza drove a red car to the location of the drug buy and let off a passenger who personally delivered the cocaine to Agent Gassett; Garza waited until his passenger showed the cocaine to Agent Gassett before driving away from the location; Garza, trailed by surveilling agents, then drove a short distance away and parked his car in a public lot. These facts, when combined with the arresting agents' knowledge that drug dealers are unlikely to use innocent drivers in a multi-kilogram cocaine delivery, amply support the district court's finding of probable cause underlying Garza's arrest. *See Hoyos,* 892 F.2d at 1393.

## II

### Search Warrant

Garza contends the district court erred by denying his motion to suppress evidence seized pursuant to a search warrant. Garza points to three possible bases for his argument: the warrant was not supported by probable cause; material misrepresentations and omissions in the warrant affidavit rendered it invalid; and exigent circumstances did not justify the search of an address different from that listed in the warrant.[1] These contentions are without merit.

■ We review for clear error the magistrate's determination regarding probable cause to issue a search warrant. *United States v. Terry,* 911 F.2d 272, 275 (9th Cir.1990).

■ For an affidavit in support of a search warrant to establish probable cause, "the facts must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." *United States v. Greany,* 929 F.2d 523, 524–25 (9th Cir.

---

1. Garza also argued that the warrant was tainted by evidence derived from his allegedly illegal arrest. Because we have concluded that Garza's arrest was not illegal, we reject this contention.

1991). Based on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept. *Terry*, 911 F.2d at 275. We have previously recognized that " '[i]n the case of drug dealers, evidence is likely to be found where the dealers live.' " *Id.* (quoting *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986)).

■ Here, the affidavit submitted by Agent Gassett stated that: Garza was the driver of a vehicle in which cocaine was delivered to Gassett; a co-defendant claimed that Garza was the source of the cocaine and said he had called Garza's residence earlier on the day of the arrest; identification found on Garza art the time of his arrest indicated that he lived at the address which the police sought to search; and the phone number supplied by the co-defendant was consistent with the address found on the identification Garza was carrying at the time of his arrest.

In light of these facts, the magistrate did not clearly err by finding that probable cause existed to issue the search warrant. *See Terry*, 911 F.2d at 276.

■ Garza contends that even if the magistrate had probable cause to issue the warrant, the warrant should be invalidated because of material misrepresentations and omissions in the warrant affidavit. This contention lacks merit.

■ The district court's factual findings as to whether statements in an affidavit were false or were omitted are reversed only if clearly erroneous. *United States v. McQuisten*, 795 F.2d 858, 863 (9th Cir. 1986). Whether any omissions or misstatements are material is a mixed question of law and fact which we review de novo. *Id.* Not all information in the government's possession need be included in the warrant affidavit. *United States v. Johns*, 948 F.2d 599, 606 (9th Cir.1991). Only if omitted facts " 'cast doubt on the existence of probable cause' " do they rise to the level of misrepresentation. *Id.* (quoting *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir.1980)).

Garza alleges two instances of material misrepresentation and three instances of material omission. Garza argues that the affidavit stated he had personally delivered the cocaine to Agent Gassett when in fact a co-defendant was in physical possession of the cocaine at the time it was shown to Agent Gassett. Garza also objects to the fact that the affidavit misdescribes the address listed on the identifying documents located with Garza at the time of his arrest. The affidavit makes reference to "32124–26th Ave. S.W., Federal Way, Washington," when in fact the correct address was 33124–26th Ave. S.W., Federal Way, Washington. The alleged material omissions concerned Garza's post-arrest assertions that he no longer lived in Federal Way and that he was not involved in the cocaine transaction but was merely giving his co-defendant a ride, and that the co-defendant who implicated him had initially denied Garza had anything to do with cocaine.

There was no evidence that any of the alleged misrepresentations or omissions resulted from deliberate action by the affiant to mislead or from reckless disregard for the truth. Even if the misstatements were corrected and the omissions supplied, the affidavit would furnish probable cause for issuance of the warrant. *See Johns*, 948 F.2d at 607; *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir.1985).

■ Garza's final contention is that there were no exigent circumstances justifying the officer's search of an address different from that listed in the warrant. This contention is without merit.

A search warrant is not invalid where " 'the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and [where] there is [no] reasonable probability that another premises might be mistakenly searched.' " *United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir.1985) (no violation of Fourth Amendment where warrant contained wrong street address for house to be searched but description was otherwise sufficiently particular to identify premises)

(quoting *United States v. McCain*, 677 F.2d 657, 660 (8th Cir.1982)), *cert. denied*, 475 U.S. 1026, 106 S.Ct. 1224, 89 L.Ed.2d 334 (1986).

Here, prior to the issuance of the search warrant, Agent Gassett directed DEA Agent Haley to 33124–26th Ave. S.W. in order to obtain a physical description of the property for the search warrant. Agent Haley's accurate physical description of the location to be searched was relayed to Agent Gassett and incorporated into the warrant, except that the address was mistakenly listed as "32124–26th Ave." When agents arrived at the scene to execute the warrant, they discovered that there was, in fact, no such address as 32124–26th Ave. Based on the physical description in the warrant, the agents located the correct address. Prior to executing the warrant, the agents ran the license plate numbers of two vehicles in the driveway of the property, discovering that one was registered to a Richard Garza and the other to a Ricardo Garza.

Based on the warrant description of the location to be searched, the nonexistence of the address in the warrant and apparent typographical error in one digit, and the confirming information from the registration information of the vehicles parked in front of the property at 33124–26th Ave., there was little chance that the agents would have trouble locating and identifying the premises, or that the agents would mistakenly search the wrong house. *See Turner*, 770 F.2d at 1511.

### III

### Sufficiency of the Evidence

■ Garza contends the district court erred by refusing to grant a Fed. R.Crim.P. 29 motion made at the close of trial and to order entry of judgment of acquittal on both the conspiracy and substantive counts of conviction. This contention is without merit.

■ We review the sufficiency of evidence to support a criminal conviction by viewing the evidence in the light most favorable to the prosecution and determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Adler*, 879 F.2d 491, 495 (9th Cir.1989) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979)) (emphasis in original); *United States v. Disla*, 805 F.2d 1340, 1348 (9th Cir.1986). When reviewing the sufficiency of the evidence, we must "assum[e] that the jury resolved all ... matters in a manner which supports the verdict." *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir.1987) (quoting *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir.1977)).

■ "The elements of a conspiracy are (1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense." *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir.1987). Once the existence of a conspiracy has been shown, evidence establishing a defendant's slight connection with the conspiracy beyond a reasonable doubt is sufficient to convict the defendant of knowing participation in the conspiracy. *Id.; United States v. Hernandez*, 876 F.2d 774, 779 (9th Cir.), *cert. denied*, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989); *see also United States v. Candoli*, 870 F.2d 496, 511 (9th Cir.1989) (defendant's nexus to a conspiracy may be proved by circumstantial evidence); *United States v. Monroe*, 552 F.2d 860, 862 (9th Cir.) (agreement "may be inferred from the facts and circumstances of the case"), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977).

The evidence at trial showed that in July, 1990, Agent Gassett met in an undercover capacity with codefendants Eugene and Michelle Kubera in order to arrange the purchase of multiple-kilo quantities of cocaine. After the Kuberas' initial supplier was unable to supply Agent Gassett with the quantity of cocaine at the price Agent Gassett was willing to pay, the Kuberas turned to Noe Ramirez, another cocaine source. Ramirez, in turn, asked Garza to supply the cocaine.

Trial testimony revealed that Garza was the source of 40 ounces of cocaine which Ramirez and the Kuberas brought to an aborted drug buy on the evening of July 26, 1990. On July 27, 1990, the date of Garza's arrest, Garza supplied three kilograms of cocaine to Ramirez for delivery to Agent Gassett. Garza picked up Ramirez and drove him to the sight of the drug buy. On the way, Garza and Ramirez set the price for the cocaine at $75,000 and Garza removed some of the cocaine in order to increase his profit. At the location of the drug buy, Ramirez exited Garza's car with the cocaine. Garza drove off only after Ramirez had walked over and met with the Kuberas and Agent Gassett.

Therefore, even though Garza never met personally with the Kuberas or Agent Gassett, circumstantial evidence and the reasonable inferences drawn from it are sufficient to sustain the jury's conclusion that Garza agreed, acted, and intended to accomplish the illegal goal of delivering cocaine to Agent Gassett. *See Hernandez,* 876 F.2d at 778–80; *Candoli,* 870 F.2d at 511; *Monroe,* 552 F.2d at 862.

In light of the evidence introduced at trial and discussed above, there was clearly sufficient evidence to persuade a rational jury beyond a reasonable doubt that Garza distributed cocaine to Ramirez, who then distributed it to Agent Gassett. The mere fact that Ramirez and the Kuberas did not receive money prior to their arrest by federal agents does not mean that the distribution was incomplete. *See United States v. Davis,* 564 F.2d 840, 844 (9th Cir.1977), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978) (distribution encompasses " 'attempted transfer of a controlled substance' ") (quoting 21 U.S.C. § 802(8)).

## IV

### Co–Conspirator Hearsay

■ Garza alleges that the district court erroneously admitted into evidence statements of his co-conspirators made prior to July 26, 1990 because there is no evidence that he had joined the conspiracy until that time. Even if Garza's contention has some merit, any error committed by the district court in admitting hearsay statements under the co-conspirator exception was harmless.

■ We review for abuse of discretion the district court's decision to admit evidence of a co-conspirator's statement. *United States v. Peralta,* 941 F.2d 1003, 1006 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1484, 117 L.Ed.2d 626 (1992). Before admitting a statement under Fed.R.Evid. 801(d)(2)(E), the co-conspirator exception to the hearsay rule, the district court must find by a preponderance of the evidence that the statement was made during and in furtherance of the alleged conspiracy. *Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987). An error in the admission of hearsay evidence is harmless if it does not affect substantial rights of the defendant. *United States v. Sanchez–Lopez,* 879 F.2d 541, 555 (9th Cir.1989).

The facts noted above which support Garza's conviction for conspiracy to distribute cocaine make it clear that there was sufficient evidence to convict Garza for conspiracy based solely on testimony relating to the events of July 26 and 27, 1990. Therefore, even if the district court improperly admitted testimony regarding events prior to July 26, 1990, that error did not affect Garza's substantial rights. *See id.*

## V

### Jury Instructions

Garza contends the district court erred by improperly instructing the jury as to conspiracy, distribution, and the meaning of reasonable doubt. These contentions lack merit.

■ We review de novo whether a jury instruction was an accurate statement of the law. *Terry,* 911 F.2d at 278. "We ' "determine whether, viewing the instructions as a whole, the court gave adequate instruction ... to ensure that the jury fully understood the issues," and to determine "whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." ' " *Id.* at 279 (cita-

tions omitted). The formulation or choice of language of the jury instructions is within the discretion of the district court. *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir.1985). "The availability of a better instruction is not a ground for reversal." *United States v. Ward*, 914 F.2d 1340, 1344 (9th Cir.1990).

### a. Conspiracy Instruction

■ Garza contends the district court erred by failing to instruct the jury that proof of an overt act was necessary to convict him of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Although this contention has merit, we conclude that any error was harmless beyond a reasonable doubt.

■ We review de novo whether the district court's instructions to the jury misstated the elements of a statutory crime. *United States v. Mann*, 811 F.2d 495, 496–97 (9th Cir.1987). Proof of a conspiracy violation under 21 U.S.C. § 846 requires: " '(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.' " *United States v. Medina*, 940 F.2d 1247, 1250 (9th Cir.1991) (quoting *United States v. Meyers*, 847 F.2d 1408, 1412–13 (9th Cir.1988)). "It is the duty of the district court to instruct the jury on all the essential elements of the crime charged." *United States v. Combs*, 762 F.2d 1343, 1346 (9th Cir.1985). Because the district court did not instruct the jury that proof of an overt act was required for a violation of 21 U.S.C. § 846, the district court did not instruct the jury as to all the essential elements of conspiracy. *See Medina*, 940 F.2d at 1250. Therefore, the district court erred when it overruled Garza's objection to the conspiracy instruction. *See Mann*, 811 F.2d at 498.

■ Nevertheless, we will find harmless an instructional error in omitting an element of the offense "if no rational jury could have made [its] findings without also finding the omitted or presumed fact to be true." *Martinez v. Borg*, 937 F.2d 422, 425 (9th Cir.1991).

"When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is *functionally equivalent* to finding the element required to be presumed."

*Hart v. Stagner*, 935 F.2d 1007, 1012 (9th Cir.1991) (emphasis in original) (quoting *Martinez*, 937 F.2d at 424).

Here, in addition to his conspiracy conviction in count one of the superseding indictment, the jury also found Garza guilty beyond a reasonable doubt in count three, which charged him with the substantive offense of distribution of cocaine in furtherance of the conspiracy. The jury's determination of guilt with respect to count three was "functionally equivalent" to finding the existence of the overt act element in the conspiracy charged in count one. For example, the undisputed fact that Garza drove the vehicle which delivered Ramirez and the cocaine to the location where the drug was distributed to Agent Gassett clearly was an overt act in furtherance of the conspiracy. *See, e.g., United States v. Posey*, 864 F.2d 1487, 1492 (9th Cir.1989) ("[t]he overt act need not be unlawful"). Thus, the court's failure to give a conspiracy instruction that required an overt act as an element to prove conspiracy was harmless beyond a reasonable doubt because the jury found beyond a reasonable doubt that he had committed an overt act in furtherance of the conspiracy. *See Hart*, 935 F.2d at 1013.

In addition, Garza contends the district court's jury instructions on conspiracy (1) did not require the jury to find that the government had proven the conspiracy charged in the indictment, (2) allowed the jury to convict even if he had conspired only with a government agent, and (3) failed to require the jury to determine Garza's participation in the conspiracy solely on the basis of his own acts and statements. When considered as a whole, however, the jury instructions adequately addressed the issues of the case with regard

to the conspiracy count. Therefore, the district court did not abuse its discretion in formulating the jury instructions on conspiracy. *See Echeverry,* 759 F.2d at 1455.

### b. Distribution

Garza's sole argument against the district court's instruction regarding distribution of cocaine was that the evidence was insufficient to support a conviction on this count. Because we have already held that there was sufficient evidence to support Garza's conviction for distribution of cocaine, we reject this contention as without merit.

### c. Reasonable Doubt

 Finally, Garza contends the district court's instruction on reasonable doubt was improper because it permitted the jury to convict on a degree of proof less than that required by the Due Process Clause. This contention is also without merit.

 "[A]n appropriate instruction defining reasonable doubt is permissible but not necessarily required." *United States v. Nolasco,* 926 F.2d 869, 872 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991). In the event the district court provides a definition, such instruction must "not detract from the heavy burden suggested by the use of the term 'reasonable doubt' standing alone." *Id.* at 873.

Here, the district court stated that "[a] reasonable doubt is a doubt based upon reason and common sense." Garza objects that the terms "common sense" and "reason" suggest a higher degree of doubt than required by the reasonable doubt standard.[2] Garza concedes that we have previously upheld against this same challenge an instruction using this language, *see United States v. Jaramillo–Suarez,*

950 F.2d 1378, 1386 (9th Cir.1991), but requests that we reevaluate our holding in the that case.

 It is well established, however, that a panel not sitting en banc may not overturn Ninth Circuit precedent. *Nichols v. McCormick,* 929 F.2d 507, 510 n. 5 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1226, 117 L.Ed.2d 461 (1992); *United States v. Aguilar,* 883 F.2d 662, 690 n. 25 (9th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). Therefore, Garza's argument must fail.

AFFIRMED.

---

**2.** The district court's complete definition of reasonable doubt provided:

> A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

This instruction is based on, and nearly identical to, the suggested instruction contained in the *Manual of Model Criminal Jury Instructions for the Ninth Circuit,* § 3.03 (West 1989).