46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lester Murray VAN BLERICOM, Defendant-Appellant.
 No. 94-30188.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After making a conditional guilty plea, Lester Van Blericom appeals his conviction for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and being a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Van Blericom contends the district court erred in denying his motion to suppress evidence. He also contends the district court erred when it refused to hold a Franks hearing. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On February 17, 1992, explosives were stolen from a storage magazine on the Fredrickson Road construction site in Woodland, Washington. On March 24, 1993, Reed Malchert was arrested for possession of explosives, at which time he told police he was hired by Van Blericom to blow up a car and that Van Blericom had provided the explosives. Malchert positively identified a photograph of Van Blericom as the man who hired him to blow up the car. The explosives found in Malchert's possession was traced back to the theft from the Fredrickson Road site. On May 7, 1993, the Bureau of Alcohol, Tobacco, and Firearms (ATF) executed a search of Van Blericom's residence pursuant to a warrant issued May 5, 1993. The ATF seized firearms and drugs from the residence and Van Blericom was arrested.
 
 1. Affidavit's Statement of Probable Cause
 
 4
 Van Blericom contends that Special Agent Jacobs' affidavit supporting the search warrant lacked probable cause, and there was an insufficient nexus between the alleged criminal activity and his residence. The district court found the affidavit contained sufficient facts from which the magistrate judge could have reasonably concluded probable cause existed to issue a warrant.
 
 
 5
 We review a magistrate judge's determination of probable cause for clear error. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993); United States v. Schmidt, 947 F.2d 362, 371 (9th Cir. 1991). Thus, the standard of review is "'less probing than de novo review and shows deference to the issuing magistrate's determination."' United States v. Hernandez, 937 F.2d 1490, 1494 (9th Cir. 1991) (per curiam) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir. 1986)). We must uphold the warrant if, "'under the totality of the circumstances, the magistrate judge had a substantial basis for concluding that probable cause existed."' Schmidt, 947 F.2d at 371 (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir. 1986)). Probable cause exist to issue a search warrant if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 6
 Agent Jacobs' affidavit described Van Blericom's criminal history and established that he was prohibited from possessing explosives or firearms as a convicted felon. The affidavit further stated that explosives had been stolen from the Fredrickson Road construction site and that Reed Malchert had been arrested with explosives which were traced back to that theft. The affidavit also stated that Malchert identified Van Blericom as the person who had given him the explosives to blow up a car, and that Van Blericom possessed a blasting cap which would be used to detonate the explosives. Finally, the affidavit included two persons' corroborating statements indicating that Van Blericom was involved in the theft at the Fredrickson Road site and had possessed the stolen explosives. Sharma Davidson, the ex-wife of Matt Davidson, a nephew of Van Blericom, stated that she was present when Matt Davidson and Van Blericom discussed breaking into the magazine at the Fredrickson Road site, and that Van Blericom asked to store explosives in her barn. Also, Kurt Davidson, a nephew of Van Blericom, told authorities that explosives found at his residence were from the Fredrickson Road theft. He also told how he disposed of the remainder of the stolen explosives.
 
 
 7
 Given the totality of the circumstances detailed in the affidavit, there was a substantial basis for the magistrate judge to conclude that probable cause existed to issue a warrant to search Van Blericom's residence for explosives. See Schmidt, 947 F.2d at 371. It was not clear error for the district court to find the affidavit contained a sufficient statement of probable cause. See Pitts, 6 F.3d at 1369.
 
 
 8
 Van Blericom also contends there was an insufficient nexus between the alleged criminal activity supporting probable cause and his residence at N. Michigan Avenue in Portland, Oregon. He argues the affidavit did not state facts adequate to establish a fair probability that the explosives sought would be located at his residence. However, we require only a reasonable nexus between the activities supporting probable cause and the location to be searched. Pitts, 6 F.3d at 1369. A reasonable nexus does not require direct evidence that the items listed as objects of the search are on the premises to be searched. Id.
 
 
 9
 Here, although the affidavit did not accurately detail the amount of explosives stolen or state what portion of the stolen explosives remained unaccounted for, it established that there was probable cause to believe Van Blericom had stolen and possessed explosives, and attempted to use the explosives to blow up a car. Additionally, Malchert stated that Van Blericom had in his possession a blasting cap which was to be used to detonate the car explosives. Thus, the affidavit provided a substantial basis for the magistrate judge to conclude that Van Blericom was engaged in criminal activity involving explosives.
 
 
 10
 A magistrate judge may draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. Angulo-Lopez, 791 F.2d at 1396. We have recognized that in the case of drug dealers, evidence is likely to be found where the dealers live. United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990). Similarly, a magistrate judge may reasonably infer that a person suspected of stealing and possessing explosives would have explosives at his residence.
 
 
 11
 The affidavit established Van Blericom's residence was the N. Michigan Avenue address in Portland, Oregon. Thus, it was not clear error for the magistrate judge to conclude it was reasonable to seek evidence of the explosives in Van Blericom's residence. See Pitts, 6 F.3d at 1369.
 
 2. Denial of a Franks Hearing
 
 12
 Van Blericom contends the district erred in refusing to hold a Franks hearing to determine whether the affidavit supporting the search warrant for his residence contained material misstatements and omissions by Special Agent Jacobs. The district court found there were no alleged omissions or misstatements which were material to the determination of probable cause.
 
 
 13
 Whether misstatements or omissions are material to a finding of probable cause is subject to de novo review. United States v. Bertrand, 926 F.2d 838, 842-43 (9th Cir. 1991). The district court's factual findings are reviewed for clear error. United States v. Garza, 980 F.2d 546, 551 (9th Cir. 1992). The government need not include all information in its possession to obtain a search warrant. United States v. John, 948 F.2d 599, 606 (9th Cir. 1991), cert. denied, 112 S. Ct. 3046 (1992).
 
 
 14
 To be entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), Van Blericom must first make a substantial preliminary showing that the affidavit contained a misleading omission or misstatement of fact, and that the omission or misstatement resulted from a deliberate or reckless disregard of the truth. Second, he must show that had there been no omission or misstatement, the affidavit would have been insufficient to establish probable cause. See United States v. Kyllo, 37 F.3d 526, 529-30 (9th Cir. 1994); United States v. DiCesare, 765 F.2d 890 (9th Cir. 1985).
 
 
 15
 Van Blericom argues Agent Jacobs omitted an inconsistent statement by Malchert from his affidavit in an attempt to influence the magistrate judge's assessment of Malchert's credibility. Malchert initially identified the person who supplied the explosives to blow up the car as a black male. Subsequently, Malchert identified Van Blericom as the person who gave him the explosives. Agent Jacobs' affidavit, however, included other corroborating statements which established that Van Blericom had stolen and was in possession of explosives. Thus, the government was not obligated to include the alleged inconsistent statement in the affidavit, and its omission did not cast doubt on probable cause. See John, 948 F.2d at 606.
 
 
 16
 Next, Van Blericom argues the affidavit intentionally omitted facts establishing that the transfer of explosives between him and Malchert occurred at a former address, and that he did not keep the explosives at that residence. Van Blericom contends that had the magistrate judge been aware these facts, he would not have inferred probable cause existed to seek explosives at his current residence.
 
 
 17
 Jacobs' affidavit noted that Van Blericom was observed for two weeks coming and going from the current address. Van Blericom's telephone number was listed at the current address, confirming it was his actual residence. The information regarding the former address was irrelevant in light of facts in the affidavit establishing probable cause to believe Van Blericom was involved in criminal activity involving explosives. Therefore, it was not clear error for the magistrate judge to conclude it was reasonable to seek evidence of those explosives at the residence listed in the affidavit. See Pitts, 6 F.3d at 1369.
 
 
 18
 Finally, Van Blericom argues the affidavit misstated that the stick of dynamite found in Malchert's possession was "traced" to the theft at the Fredrickson Road site. In fact, Van Blericom alleges, the dynamite was from a 15,000 pound shipment of explosives which included the Fredrickson Road site explosives. The affidavit, however, included corroborating information which established that Van Blericom was in possession of and had stolen explosives. Therefore, even if the affidavit inappropriately stated the dynamite was from the Fredrickson Road site, the district court properly found the misstatement did not detract from the statement of probable cause, and thus, a Franks hearing was not required. See Kyllo, 37 F.3d at 529-30.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3