122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dudley Earl THOMAS, Plaintiff-Appellant,
v.
LAS VEGAS METROPOLITAN POLICE DEPARTMENT; G. Sherwood,
Officer; M. Wildemann, Officer; D. Reid,
Officer; T. Wilson, Officer; L.
Cricket, Officer, Defendants-Appellees.
 No. 96-15989.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-93-00172-PMP; Philip M. Pro, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nevada state prisoner Dudley Earl Thomas appeals pro se the district court's summary judgment for defendants in Thomas's 42 U.S.C. § 1983 action alleging that defendants violated his Fourth Amendment rights when they searched and arrested him without probable cause. The district court granted qualified immunity for individual police officers and summary judgment for the Las Vegas Metropolitan Police Department ("LVMPD",). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of qualified immunity and summary judgment, see Trevino v. Gates, 99 F.3d 911, 916 (9th Cir.1996), cert. denied, 117 S.Ct. 1249 (1997), and we may affirm on any basis supported by the record, see First Pac. Bank v. Gilleran, 40 F.3d 1023, 1024 (9th Cir.1994).
 
 
 4
 Because Thomas failed to raise a genuine issue of material fact regarding the existence of a government policy, practice, or custom authorizing LVMPD police officers to perform illegal searches and seizures, we affirm the district court's summary judgment for the LVMPD. See Trevino, 99 F.3d at 918-21.
 
 
 5
 Thomas contends that the district court erred by granting qualified immunity to defendants Wildemann, Reid, and Sherwood because they lacked probable cause to arrest him. We disagree.
 
 
 6
 Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989).
 
 
 7
 In support of their summary judgment motion, Wildemann, Reid, and Sherwood submitted an affidavit stating that, while they were in an unmarked police car, they observed Thomas and a juvenile complete what appeared to be a drug transaction in the courtyard of an apartment that was well-known by LVMPD police officers for its gang and drug activities. Defendants drove into the courtyard to investigate. After they pulled into the courtyard, defendants were approached by Thomas and his companion. Defendants stated that, based upon their experiences dealing with drug trafficking in the area, they believed that Thomas and his companion sought to effectuate a drug transaction. Defendants immediately identified themselves as police officers and detained both individuals for questioning. During questioning, defendants observed that Thomas appeared to be under the influence of a controlled substance, and they smelled alcohol on the minor's breath. Defendants also stated that, after conducting a search incident to arrest on both individuals, they recovered fourteen rocks of cocaine from the minor and $675.00 from Thomas, who acknowledged that he was unemployed and could not explain the amount of money in his possession. Defendants subsequently arrested both individuals.
 
 
 8
 In opposing summary judgment, Thomas submitted his affidavit and described his version of the events that preceded his arrest. Thomas asserted that he had never taken drugs and was not under the influence of a controlled substance on the night of his arrest. Thomas admitted that he was in the apartment's courtyard with several other people, but denied that he had completed a drug transaction before defendants arrived. Thomas also admitted that he approached defendants' car, but denied that he intended to effectuate a drug deal. Thomas's assertions, however, do not raise a material factual dispute with respect to whether defendants had probable cause to arrest him. See id. at 1392-93.
 
 
 9
 We conclude that, under the totality of the circumstances, a prudent person would have believed that defendants had probable cause to detain, search, and subsequently arrest Thomas. See id. at 1393; see also United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992). Accordingly, we affirm the district court's summary judgment for defendants Wildemann, Reid, and Sherwood based upon qualified immunity. See White v. Pierce County, 797 F.2d 812, 815-16 (9th Cir.1986).
 
 
 10
 We affirm the district court's summary judgment for defendants Wilson and Cricket. We conclude that Wilson and Cricket. did not violate Thomas's Fourth Amendment rights by perpetuating an unconstitutional arrest when they transported Thomas to the police station, because the initial arrest was supported by probable cause. Cf. Schulz v. Lamb, 591 F.2d 1268, 1271-72 (9th Cir.1978) (holding that, in a diversity action for false arrest and imprisonment, a police officer who unknowingly assists another officer in perpetuating an unlawful arrest is also liable to plaintiff for damages arising from that arrest).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We deny defendants' request under 42 U.S.C. § 1988 for attorney fees