**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlton WRIGHT, Defendant–**
**Appellant.**

No. 05–10277.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided July 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Judson Thomas Mihok, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Charles Norman Kendall, Jr., Kendall Law Firm PC, Nogales, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

## MEMORANDUM ***

Defendant–Appellant Carlton Wright appeals his conviction of Conspiracy to Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A)(ii)(II). Appellant alleges that the district court erred by not granting his motion to suppress his arrest and by not allowing him to raise the issue of the voluntariness of his admissions at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court's ruling on Appellant's motion to suppress evidence stemming from his arrest is reviewed de novo. *See, e.g., United States v. Washington,* 387 F.3d 1060, 1066 (9th Cir.2004). "Whether police had probable cause to arrest is a mixed question of law and fact, which we review de novo." *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999). The adequacy of probable cause in support of an arrest is established by examining the totality of the circumstances. *See United States v. Garza,* 980 F.2d 546, 550 (9th Cir.1992).

■ The district court found that there was adequate probable cause to support the arrest based upon numerous facts listed in its Order denying the suppression of evidence flowing from Appellant's arrest, and the Government's brief suggests five additional facts we may consider in support of the arrest. Appellant attempts to offer a potentially innocent explanation for each of these facts. This sort of "divide and conquer" approach was rejected by the Supreme Court in *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Appellant cites a Tenth Circuit case for the proposition that probable cause may not be drawn from the "piling [of] hunch upon hunch." *United States v. Valenzuela,* 365 F.3d 892, 897 (10th Cir.2004). We find Appellant's suggestion, that the numerous pieces of evidence supporting a finding of probable cause in this case were mere hunches, to be unpersuasive.

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Appellant's attempt to analogize this case to *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), is equally unavailing. In *Ybarra,* the Court held that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Id.* at 91, 100 S.Ct. 338. The evidence in this case, however, indicated that Appellant was connected to the co-conspirators and engaged in the conspiracy, supporting the conclusion that there was sufficient probable cause to make the arrest.

2. Appellant also alleges that the district court erred by not holding a hearing pursuant to 18 U.S.C. § 3501(a), regarding the voluntariness of Appellant's admissions, which were made after his initial request for an attorney. No hearing is necessary absent an objection to the admission, but the district court's "conclusion that the confession was voluntary must appear from the record 'with unmistakable clarity.'" *Northern Mariana Islands v. Mendiola,* 976 F.2d 475, 483 (9th Cir.1993) (quoting *Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967)), *overruled on other grounds by George v. Camacho,* 119 F.3d 1393 (9th Cir.1997) (en banc).

■ The district court set a deadline for pretrial motions and defense counsel did not file a challenge to the voluntariness of Appellant's confession before that time, thereby waiving any such defense, objection or request for a hearing. *See* FED. R.CRIM. P. 12(b)(3)(C) and (e). Despite this waiver, defense counsel raised the subject of voluntariness immediately prior to testimony regarding Appellant's admissions and the trial judge offered to hear the evidence and take curative measures if there were any indication that the confession was not voluntary. The district court's conclusion that the admissions were voluntary is evident from the fact that no such curative measures were taken. Nor were such measures necessary; there was no suggestion of involuntariness during the cross-examination of the agents who received the admissions or during any other part of the trial.[1] Appellant has not, even now, raised any evidence suggesting that the statements were anything but voluntary.

**AFFIRMED.**

---

1. The only other time defense counsel mentioned the issue of voluntariness was during a charging conference, at which defense counsel admitted that there were inadequate grounds to object to the admissions on the basis of involuntariness.

