**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50552 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01325-MMM-1 |
| v. | |
| CALVIN SIMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted December 6, 2012[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Calvin Sims appeals the district court's denial of his motion to suppress

fruits of a stop, arrest, and search, following which he entered a conditional guilty

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plea to conspiracy and bank robbery. For the reasons below, we AFFIRM the district court's denial.

The parties are familiar with the facts. Two men wearing black face masks robbed a bank on December 1, 2010. A witness observed the getaway van and its driver both before and after the robbery and gave responding officers the first four characters of the van's license plate. After hearing the radio dispatch from responding officers, the arresting officer stopped the van and arrested the three occupants, one of whom was Sims. The officer saw a large mesh bag full of cash sitting on the front passenger seat of the vehicle, a piece of cloth that appeared to be a face mask on the front passenger floorboard, and torn money wraps and paperclips on the floor area behind the front seats. Later that day, crime scene personnel conducted an inventory of the van's contents, recovering other items related to the bank robbery.

We review motions to suppress *de novo* and the trial court's factual findings for clear error. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008).

Warrantless arrests require that the arresting officer have probable cause. Probable cause to arrest "exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States*

2

*v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). The information on which officers rely in forming their conclusions regarding probable cause must be "reasonably trustworthy." *United States v. Butler*, 74 F.3d 916, 920 (9th Cir. 1996) . Arresting officers are entitled to rely on the probable cause developed by other officers. *United States v. Hensley*, 469 U.S. 221, 229-32 (1985).

Here, the totality of the circumstances weigh in favor of the arresting officer having probable cause. He had a description of the getaway van, which included a partial license plate number. He also knew that the van would have three people in it and a female driver. He saw a van getting on a highway that met the description he had just heard on the radio. Following *Buckner*, a "prudent person would have concluded that there was a fair probability" that the bank robbers were inside.

Police had probable cause to believe they would find the evidence of the bank robbery inside the car even before the arresting officer observed the evidence. Seeing the evidence in plain view gave the officer additional probable cause. The search of the van was a valid search incident to arrest. *Arizona v. Gant*, 556 U.S. 332, 351 (2009). It was also valid under the automobile exception. *California v. Acevedo*, 500 U.S. 565, 580 (1991).

AFFIRMED.