
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30211 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00040-SLG-1 |
| v. | |
| MICHAEL W. MOORE, Jr., AKA Michael Wayne Moore, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 10, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Appellant Michael Moore, Jr. appeals his conviction for conspiracy to

commit robbery of a credit union, armed robbery of a credit union, and the use of

firearm in furtherance of the robbery. Moore argues that the district court erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

permitting a cooperating witness to testify to statements made by a co-conspirator. Moore also contends that the government presented insufficient evidence to establish that Moore knew that his co-conspirator would brandish a weapon during the robbery.

"We review for an abuse of discretion the district court's decision to admit coconspirators' statements, and review for clear error the district court's underlying factual determinations that a conspiracy existed and that the statements were made in furtherance of that conspiracy. . . ." *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007), *as amended* (citation omitted). "An error in the admission of hearsay evidence is harmless if it does not affect substantial rights of the defendant." *United States v. Garza*, 980 F.2d 546, 553 (9th Cir. 1992) (citation omitted).

An argument that the district court violated a defendant's right of confrontation is reviewed *de novo*. *See United States v. Carter*, 907 F.3d 1199, 1204 (9th Cir. 2018). "Confrontation Clause violations are also subject to harmless error analysis." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (citation omitted). We review for plain error sufficiency challenges not raised before the district court. *United States v. Bell*, 770 F.3d 1253, 1256 (9th Cir. 2014). The evidence is viewed in the light most favorable to the prosecution, and

we determine whether a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted).

**1.** The district court did not abuse its discretion in admitting the testimony of cooperating witness B.C. relating a statement made to him by Moore's co-conspirator. Under the Federal Rules of Evidence, statements made by a co-conspirator in furtherance of the conspiracy are admissible as non-hearsay. *See* Fed. R. Evid. 801(d)(2)(E). Statements are made in furtherance of the conspiracy when the statements "further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. Statements made to induce enlistment or further participation in the group's activities are considered to be in furtherance of the conspiracy." *United States v. Kearns*, 61 F.3d 1422, 1426 (9th Cir. 1995) (citation and internal quotation marks omitted). "It is well established that statements made by a co-conspirator need not be made to a member of the conspiracy to be admissible under rule 801(d)(2)(E). . . ." *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988) (citations omitted).

B.C. was not required to be a co-conspirator for the statements to be admissible. *See id.* Nevertheless, Moore argues that "even if the disputed statement need not be uttered to a *member* of the conspiracy, the statement still

3

must be uttered to someone with some knowledge of the conspiracy if the purpose of the statement is to *further* the conspiracy." However, whether B.C. was aware of the conspiracy is irrelevant because Pierce's statements "set in motion a transaction that [was] an integral part of the conspiracy," namely, obtaining a gun to use in the robbery. *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993) (citation omitted).

Ninth Circuit precedent stresses the intent of the declarant, rather than the understanding of the non-conspirator. *See e.g.*, *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991); *Zavala-Serra*, 853 F.2d at 1516. Thus, we defer to the district court's determination that the statements were made in furtherance of the conspiracy. *See United States v. Taylor*, 802 F.2d 1108, 1117 (9th Cir. 1986).

Even if the district court erred in admitting the statements, the error was harmless because Moore's substantial rights were unaffected, as other evidence linked Moore to the conspiracy. *See Garza*, 980 F.2d at 553.

**2.** Admission of testimony from the cooperating witness did not violate Moore's rights under the Confrontation Clause. Co-conspirator statements are not testimonial. Therefore, they fall outside the parameters of the Confrontation Clause. *See Allen*, 425 F.3d at 1235. Moreover, due to the other evidence of guilt, any error in admitting the testimony was again harmless. *See id.*

4

**3.** Under plain error review, there was sufficient evidence establishing that Moore had advance knowledge that Pierce would brandish a firearm during the robbery. Moore accompanied Pierce to B.C.'s home the day before the robbery, where Pierce borrowed the weapon from B.C. *See United States v. Goldtooth*, 754 F.3d 763, 769 (9th Cir. 2014) (explaining that advance knowledge "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.") (citation omitted). Further, surveillance photos outside the bank depicted Moore and Pierce in the vehicle before the robbery. Moore exited the vehicle with Pierce and stood over the trunk of the vehicle as Pierce retrieved a black duffle bag.

**AFFIRMED.**