**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DOMINIQUE EVANS, AKA Dominique
Evans-Franks, an individual; DARRYL
JOHNSON, an individual,

        Plaintiffs-Appellants,

  v.

COUNTY OF LOS ANGELES, a municipal
entity; et al.,

        Defendants-Appellees,

 and

DOES, 1-50, inclusive,

        Defendant.

No.   21-55406

D.C. No.
2:20-cv-02504-FLA-AS

MEMORANDUM*

---

DOMINIQUE EVANS, AKA Dominique
Evans-Franks, an individual; DARRYL
JOHNSON, an individual,

        Plaintiffs-Appellees,

  v.

COUNTY OF LOS ANGELES, a municipal
entity; et al.,

No.   21-55503

D.C. No.
2:20-cv-02504-FLA-AS

---

       *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants,

and

CITY OF PASADENA, a municipal entity;
et al.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted August 4, 2022
Pasadena, California

Before:  CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[**] District Judge.

In the early hours of June 21, 1997, Dominique Evans was slapped at a party by a gang member after she had accused the partygoers of stealing her CDs.  Later in the night, another member of that gang, Johnis Jackson, was shot and killed.  There was considerable speculation that Darryl Johnson, who was Evans' boyfriend and a member of a rival gang, had shot Jackson in retaliation.  But it was not until 2013 that officials believed they had enough evidence to arrest Evans and Johnson (Plaintiffs) for Jackson's murder.  Probable cause hearings were held in

---

[**]     The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

2013 and 2016, and Plaintiffs were bound over for trial. At the end of a second trial, Plaintiffs were acquitted by a jury.

Plaintiffs then brought this section 1983 action for malicious prosecution for being bound over for trial. The district court granted summary judgment for Defendants, finding that Plaintiffs' challenge to the state court's probable cause determination was barred by collateral estoppel and, even excluding the testimony that Plaintiffs claimed was knowingly false, there had been probable cause to bind Plaintiffs over for trial. Plaintiffs timely appeal, we have jurisdiction, and we affirm.

Plaintiffs assert that knowingly false testimony by witnesses and misconduct by detectives raised material issues of fact that should be decided by a jury.

**1.** Plaintiffs' claims of malicious prosecution are barred by collateral estoppel. The absence of probable cause is a necessary element of a § 1983 malicious prosecution claim. *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015). Under California law, a party asserting collateral estoppel must establish identical issues, actual litigation of the issue, the necessity of the issue for the disposition of the former proceeding, a final determination of the issue, and privity. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). Here, the district court found that each of the five elements had been satisfied.

3

Plaintiffs do not seriously challenge this determination but assert that collateral estoppel does not apply where the preliminary hearing decision was based on fabricated evidence and wrongful conduct by Defendants. The district court recognized the false evidence exception to collateral estoppel, but also noted the exception to that exception. *Greene v. Bank of Am.*, 236 Cal. App. 4th 922, 933 (2015) (If the "plaintiff challenges that evidence at the preliminary hearing as being false, and the magistrate decides the credibility issue in the arresting officer's favor, then collateral estoppel still may preclude relitigation of the issue in a subsequent civil proceeding involving probable cause"). The district court then recognized the state court's statement that it had found probable cause based on Detective Rodriguez's testimony and his interviews with Mr. Howard, and not on the recanted and challenged testimony of other witnesses. Accordingly, Plaintiffs are collaterally estopped from litigating whether this evidence—which they have not challenged—was sufficient to establish probable cause.

**2.** Even if Plaintiffs' claims were not barred by collateral estoppel, Plaintiffs have not shown that there are material issues of fact that should have been determined by a jury. Probable cause is not a high bar: it "exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999)

4

(alteration in original) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir.1992)). Here, the evidence presented at the probable cause hearings, even excluding the alleged false testimony by certain witnesses, created a "fair probability" that Plaintiffs were responsible for Jackson's murder. Numerous witnesses testified that Evans had been slapped, was upset, and threatened retaliation. The rumors that Evans was involved were corroborated by Howard's assertion that he had seen her drive by just before Jackson was shot. Jackson was shot with .40 caliber bullets, ammunition of the same caliber was found in Johnson's home, and there was evidence that Johnson possessed a .40 caliber Glock handgun. Although some witnesses subsequently recanted their testimony, Plaintiffs have not shown that a reasonable jury could have found that the untainted evidence did not establish a "fair probability" that Plaintiffs committed the crime.

**3.** Plaintiffs' remaining contentions lack merit. Plaintiffs object to the admission at the probable cause hearing of certain evidence as falling within exceptions to California's hearsay rule, but this objection was not briefed, and is contrary to the rule that hearsay evidence is generally admissible at probable cause hearings if it is "legally sufficient and reliable." *Franklin v. Fox*, 312 F.3d 423, 438 (9th Cir. 2002). Also, Plaintiffs' argument that they have not waived their cause of action under California Civil Code section 52.1 does not survive a determination that there was probable cause to detain them. Similarly, their

5

arguments concerning municipal liability fail if there is no underlying violation of their constitutional rights.[1]

The County of Los Angeles and others filed a cross-appeal but opted not to proceed with it. The cross-appeal is dismissed. The district court's grant of summary judgment in favor of Defendants is **AFFIRMED**.

---

[1] Plaintiffs' motion to file a corrected reply brief is granted and their motion to supplement/correct the record is denied. (Dkt, No. 58).