**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER, | No.   23-15505 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-04471-JSC |
| v. | |
| CITY OF ARCATA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted June 10, 2024
San Francisco, California

Before:  NGUYEN, R. NELSON, and BRESS, Circuit Judges.

This appeal is about the arrest and subsequent prosecution of Appellant Kyle

Zoellner for murder.  After charges were dropped for a lack of probable cause,

Zoellner sued the City of Arcata and several of its officials and police officers

(collectively Defendants).  The district court entered judgment for Defendants.  We

have jurisdiction to review that judgment.  *See* 28 U.S.C. § 1291.  Because the

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court reached the correct result, we affirm.

1. On appeal are three 42 U.S.C. § 1983 claims (unlawful arrest, malicious prosecution, and inadequate medical care), a *Monell* claim, and defamation claims related to Detective Dokweiler's probable cause statement and Chief Chapman's press statement.[1]  We review a grant of summary judgment, as well as a court's probable cause determination, de novo.  *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1029 (9th Cir. 2004) (summary judgment); *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992) (probable cause).

2. Zoellner's unlawful arrest and malicious prosecution claims fail because he has not shown any genuine issue of fact as to whether there was probable cause.  *See, e.g.*, *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) (proof of an unlawful arrest claim requires lack of probable cause); *see also Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (proof of a malicious prosecution claim requires lack of probable cause).  Probable cause is a low standard and only requires the "fair probability or substantial chance" that the suspect has committed

---

[1] Zoellner also alleges that the district court exhibited judicial bias and abused its discretion by denying him leave to amend his complaint and his requests for discovery sanctions.  These claims fail.  Zoellner's identified reasons for judicial bias—the district court's legal decisions and litigation management—are not viable bases for a judicial bias claim.  *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 551 (1994).  And we find no abuse of discretion in the district court's denial of sanctions. *See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 367, 369 (9th Cir. 1992).

a crime. *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (quoting *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001)).

Here, ample undisputed evidence supports a "fair probability" that Zoellner may have committed the crime. Zoellner was identified by witnesses at the scene as the "stabber" and his clothes were covered in blood. The blood pattern on Zoellner's clothes was not consistent with his own nosebleed. Zoellner also admitted to a physical fight that night with the victim, which was corroborated by an eyewitness. Additionally, a kitchen knife was found at the scene, and Zoellner worked as a chef.

3. Zoeller's deliberate indifference to serious medical needs claim fails because Defendants have qualified immunity. To assess qualified immunity for a deliberate indifference claim arising before April 2018, "we apply the current objective deliberate indifference standard to analyze whether there was a constitutional violation, and 'concentrate on the objective aspects of the [pre-*Gordon*] constitutional standard' to evaluate whether the law was clearly established." *Sandoval v. County of San Diego*, 985 F.3d 657, 672 (9th Cir. 2021) (quoting *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 600 (9th Cir. 2019)). Here, there was no clearly established violation of Zoellner's constitutional rights. These facts are not as extreme as those in *Sandoval* or those cases on which *Sandoval* relies. While Zoellner was not taken to the hospital for at least an hour after Officer Nilsen detained him, Zoellner at first refused medical treatment. And

shortly after Zoellner requested medical treatment, Officer Nilsen took him to the hospital. The hospital medically cleared Zoellner, and his medical release showed he only had facial lacerations and swelling.

4. Zoellner's defamation claim against Detective Dokweiler is based on his probable cause statement filed with the court that other witnesses had seen Zoellner stab the victim. This defamation claim fails because the allegedly defamatory statement is protected under California's litigation privilege. *See* Cal. Civ. Code § 47. Section 47 designates any statement made (a) "[i]n the proper discharge of an official duty" and (b) in any "judicial proceeding" as privileged. Detective Dokweiler's statement to the superior court is protected because it was "made in connection with a judicial proceeding." *Pech v. Doniger*, 290 Cal. Rptr. 3d 471, 488 (Cal. Ct. App. 2022).

Zoellner alleges that Chief Chapman defamed him in a press statement where Chapman said that it was "a white male who stabbed and killed a black male." Because of this, Chapman thought it "prudent and logical to look at race as an issue." This statement is not defamatory because there is no evidence that it was causally linked to Zoellner's claimed actual damages. *See Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010). We agree with the district court that Zoellner suffered his claimed injuries "simply because of the charges that had been filed against him." *Zoellner v. City of Arcata*, 588 F. Supp. 3d 979, 1009 (N.D. Cal. 2022). No evidence suggests

4

that Chief Chapman's statement resulted in any of Zoellner's claimed actual damages.

5. Finally, Zoellner's *Monell* claim fails. The district court did not abuse its discretion in denying Zoellner's request for leave to amend for a fifth time. *See, e.g.*, *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded the plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment."). Zoellner's *Monell* claim also fails on the merits. *Monell* liability exists when a violation of a federally protected right is attributable to (1) an express official policy; (2) a pervasive practice or custom; (3) a failure to train; or (4) the decision or act of a final policymaker. *Horton*, 915 F.3d at 602–03. Zoellner identifies no error in the district court's decision limiting his *Monell* claim to only a policymaker ratification theory due to repeated pleading deficiencies. As a result, only the fourth factor is at issue, and it fails because Zoellner does not identify plausible facts demonstrating that the defendants had final policymaking authority over Zoellner's prosecution or knowledge of the alleged constitutional violation. *See Christie v. Iopa*, 176 F.3d 1231, 1238–40 (9th Cir. 1999).

**AFFIRMED.**

5