103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Reyna MONTES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo CORTES-LOEZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin OLIVARES-SEVILLA, Defendant-Appellant.
 Nos. 96-50041, 96-50051 and 96-50053.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 5, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Victor Reyna Montes, Martin Olivares-Sevilla, and Alfredo Cortes-Loeza entered a conditional plea of guilty to: (1) conspiring to transport undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(i); and (2) four counts of transporting undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2. On appeal, each defendant argues the district court erred in denying his motion to suppress the identities and statements of the four undocumented alien material witnesses who were arrested at the same time the defendants were arrested. The defendants contend their arrests were without probable cause, and as a result, the district court should have suppressed the identities and statements of the aliens as fruits of a poisonous tree. We disagree.
 
 
 3
 When the government makes an arrest without a warrant, as it did in this case, it must demonstrate that it had probable cause for the arrest. See United States v. Garza, 980 F.2d 546, 549 (9th Cir.1992); United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295-98 (9th Cir.1988). An arresting officer like Agent Soto has probable cause to make an arrest when, "under the totality of the circumstances known to the arresting officer [ ], a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." See Garza, 980 F.2d at 550 (internal quotations omitted); see also United States v. Arzate-Nunez, 18 F.3d 730, 735 (9th Cir.1994).
 
 
 4
 Although the present case did not involve the stop of an automobile, the case of United States v. Brignoni-Ponce, 422 U.S. 873 (1975), is instructive. There, the Supreme Court enumerated several factors that law enforcement officials should consider when determining whether they have reasonable suspicion to stop an automobile at the United States-Mexico border. The Brignoni-Ponce Court instructed law enforcement to consider, among other factors, the characteristics of the area in which they encounter a vehicle, the vehicle's proximity to the border, the particular law enforcement officer's previous experience with alien traffic, and the appearance of the occupants of the vehicle. Id. at 884-86. Under Ninth Circuit precedent, law enforcement may also consider whether the route that a vehicle travels is a well-documented alien smuggling route. United States v. Gonzalez-Rivera, 22 F.3d 1441, 1443 (9th Cir.1994); United States v. Alvalos-Ochoa, 557 F.2d 1299, 1302 (9th Cir.), cert. denied, 434 U.S. 974 (1977).
 
 
 5
 The Brignoni-Ponce Court stated that "factors such as the mode of dress and haircut" indicative of persons living in Mexico may influence a police officer in her reasonable suspicion inquiry. Brignoni-Ponce, 422 U.S. at 885-86. The Court specifically warned, however, that law enforcement cannot base its decision to stop a particular vehicle on appearance alone. Id.; see also Nicacio v. United States, 797 F.2d 700, 704 (9th Cir.1986) (holding that dirty appearance, "lean and hungry look", work clothing, and Hispanic appearance do not constitute reasonable suspicion for a border stop).
 
 
 6
 The factors from Brignoni-Ponce are relevant to a determination of not only reasonable suspicion, but probable cause as well. By applying the Brignoni-Ponce factors to the present case, and considering the circumstances of the defendants' arrests in their totality, we conclude Agent Soto had probable cause to arrest Olivares, Reyna, and Cortes.
 
 
 7
 Agent Soto is a thirteen-year veteran of the Immigration and Naturalization Service who observed Olivares on ten occasions at the San Diego airport. On seven of these occasions Olivares waited for older cars outside the airport, and then escorted the Hispanic-looking occupants single-file to the departure area of the airport.
 
 
 8
 Soto observed Reyna with Olivares at the airport four times. While Soto saw Cortes dropping off passengers at the airport for Olivares to escort on only one occasion, Cortes's behavior was consistent with Soto's previous, repetitive observation of Olivares's and his associates' activities at the airport.
 
 
 9
 Soto also linked Olivares and Reyna to the ticket agency that issued the aliens' tickets, and connected Olivares to the house where aliens began their trip to the airport. In addition, San Diego is close to the Mexican border. While the Hispanic appearance of the aliens is not determinative, their appearance is something Agent Soto could take into consideration in his surveillance of the suspected alien smuggling. Brignoni-Ponce, 422 U.S. at 885-86.
 
 
 10
 Finally, Agent Soto testified that, unlike typical passengers at the airport, the aliens did not carry luggage, spoke to neither Olivares nor Reyna, did not speak amongst themselves, and walked single-file to the departure area of the airport.
 
 
 11
 We conclude the government had probable cause to arrest Olivares, Reyna, and Cortes. Because there was probable cause for the arrests, there was no "poisonous tree" which produced the evidence of the aliens' identities and statements. The district court did not err in refusing to suppress this evidence, even though it denied the suppression motion on the ground that the defendants lacked standing to challenge the identities and statements of the aliens, an issue we need not reach.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3