UNITED STATES of America, Plaintiff–Appellee,

v.

Ignacio Lopez HERNANDEZ, Defendant–Appellant.

No. 00–50718.

DC No. CR 99–1216 NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 26, 2002.

---

Before REINHARDT, TROTT, and TASHIMA, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. Hernandez was convicted at a second trial, after his first trial ended in a mistrial after the jury deadlocked. On this appeal, Hernandez

## MEMORANDUM **

Defendant-appellant Ignacio Lopez Hernandez ("Hernandez") appeals his conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. He contends that the district court made several erroneous evidentiary rulings and also erred in denying his Rule 29 motion for a judgment of acquittal.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The facts are known to the parties and we do not recite them here, except as necessary to explain our reasoning.

### A. Coconspirator Statement

Hernandez argues that the district court violated Fed.R.Evid. 801(d)(2)(E) and the Confrontation Clause when it admitted testimony that Hernandez's coconspirator, Guadelupe Reyes ("Reyes"), identified Hernandez as the owner of the heroin.

### 1. Rule 801(d)(2)(E)

"[A] statement by a coconspirator of a party during the course and in the furtherance of the conspiracy" is admissible under the coconspirator exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E). In order for a coconspirator's out-of-court statements to be admissible, however, the defendant's "knowledge of and participation in an alleged conspiracy with the putative coconspirator ... must be established[ ] by a preponderance of the evidence...." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir.1994) (citation omitted). In order to establish the defendant's knowledge of and partic-

also challenges evidentiary rulings made during his first trial. The district court's grant of a mistrial, however, rendered harmless any errors that occurred during the first trial. *See United States v. Lorenzo*, 570 F.2d 294, 299 (9th Cir.1978). Thus, we do not address Hernandez's claims of error occurring during the first trial.

ipation in the conspiracy, the prosecution "must produce some independent evidence which, viewed in light of the co-conspirator statements, establishes the requisite connection between the accused and the conspiracy." *Id.* "The standard of review of a district court's decision that sufficient evidence exists linking a defendant to a conspiracy for the purpose of Fed.R.Evid. 801(d)(2)(E) remains unclear in this circuit." *Id. see United States v. Bowman,* 215 F.3d 951, 960 (9th Cir.2000) (applying abuse of discretion review); *United States v. Garza,* 980 F.2d 546, 553 (9th Cir.1992) (applying clear error review); *United States v. Arias–Villanueva,* 998 F.2d 1491, 1502 (9th Cir.1993) (applying de novo review).

The government argues that the recorded 4:30 p.m. telephone conversation between Reyes and FBI informant Rafael Juarez ("Informant Juarez") establishes Hernandez's knowledge of and participation in a conspiracy with Reyes. During the conversation, Reyes said that he needed to consult with a "young man" about whether to go forward with the deal, and an unidentified male overheard in the recording made comments about going forward with the deal. The government offered three pieces of circumstantial evidence that Hernandez was the man Reyes consulted with about the drug transaction during the telephone conversation: (1) Hernandez was in Reyes' house during the telephone conversation; (2) Hernandez and Reyes were the only men seen going into Reyes' house before the telephone conversation and coming out of it afterwards; and (3) when the arresting officer did a security sweep of the house a five-year-old boy was the only male inside.

Given the record in this case, we need not decide the proper standard of review for a trial court's admission under Rule 801(d)(2)(E) of coconspirator statements.

The evidence here—when viewed in light of Hernandez's conduct on the afternoon of the drug transaction, and Reyes' statement that Hernandez was the owner of the heroin—establishes by a preponderance of the evidence that Hernandez had knowledge of and participated in a conspiracy with Reyes. Under any standard of review, the district court did not err or abuse its discretion when it admitted the testimony that Reyes identified Hernandez as the owner of the heroin.

## 2. Confrontation Clause

■ Hernandez also contends that the admission of Reyes' testimony that Hernandez was the "owner" of the heroin violated his rights under the Confrontation Clause. Because Hernandez did not raise a Confrontation Clause objection at trial, this challenge is reviewed for plain error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

The Supreme Court's Confrontation Clause jurisprudence provides that when a hearsay declarant is not available for cross-examination at trial, "his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In *Bourjaily v. United States,* 483 U.S. 171, 183–84, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), the Court held that coconspirator statements under Rule 801(d)(2)(E) were among the "firmly rooted" exceptions to the hearsay rule and, therefore, "a court need not independently inquire into the reliability of such statements."

Hernandez argues that the Court's recent decision in *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), calls into question its earlier decision in *Bourjaily*. In *Lilly*, a plurality of four Justices ruled that the admission of a non-testifying accomplice's confession violated the defendant's right to confront the accomplice because the declaration against penal interest was not a "firmly rooted" hearsay exception and because it lacked "particularized guarantees of trustworthiness." *Id.* at 126–27, 137–38 (plurality opinion). Nothing in *Lilly*, however, calls into question *Bourjaily*'s holding that a coconspirator statement is a firmly rooted exception to the hearsay rule. *See* 483 U.S. at 183–84. Thus, the admission of Reyes' testimony did not violate Hernandez's Confrontation Clause rights. There was no plain error.

## B. Opinion Testimony

Hernandez contends that the trial court abused its discretion in admitting the following lay opinion testimony: (1) FBI Agent Elizabeth Stevens' ("Agent Stevens") testimony that she understood from the 4:30 p.m. telephone conversation that Informant Juarez was going to meet two people at Reyes' house; (2) Agent Stevens' testimony that she believed that Hernandez was acting as a lookout in Reyes' front yard when she came to arrest him; (3) Agent Stevens' characterization of the unidentified male in the 4:30 p.m. conversation as an "adult male"; (4) the translation of "muchacho" as "young man" and not "boy" in the transcript of that conversation; and (5) Informant Juarez's interpretation of various parts of the transcript. We review these evidentiary rulings for an abuse of discretion. *See United States v. Holmes*, 229 F.3d 782, 788 (9th Cir.2000) (admission of lay opinion testimony is reviewed for an abuse of discretion); *United States v. Armijo*, 5 F.3d 1229, 1235 (9th

Cir.1993) (admission of transcript is reviewed for an abuse of discretion).

The admissibility of lay opinion testimony is governed by Rule 701 of the Federal Rules of Evidence, which provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.

**1. Agent Stevens' understanding of with whom Informant Juarez would meet**

█ Agent Stevens testified without objection that, when she overheard Reyes' conversation with the unidentified male in the background during the 4:30 p.m. telephone conversation, she concluded that there was another person with Reyes and thought that there might be another person present at the drug transaction. Later, Agent Stevens testified that she "understood there were two people that would be participating in negotiations." Hernandez's objection to this testimony was overruled. Agent Stevens was testifying about her rational perception, based on the conversation she overheard between Reyes and the unidentified male. Thus, this testimony was helpful to the jury's clear understanding of her testimony. It was not an abuse of discretion to admit it.

**2. Agent Stevens' testimony that Hernandez was acting as a lookout**

█ Agent Stevens testified that when she approached Hernandez to arrest him, he "[a]ppeared to be looking in both directions of the street" and she "perceived

him to be acting as a lookout ... because of the way he was standing there and he knew what was happening with the transaction." Hernandez's objection to this testimony as speculative was overruled. A lay witness may testify based on visual observations of conduct and may make reasonable inferences regarding that conduct. *See* Fed.R.Evid. 701; *see also United States v. Fleishman*, 684 F.2d 1329, 1335–36 (9th Cir.1982). Agent Stevens' testimony concerned the reasonable inferences she drew from her perceptions of Hernandez's conduct when she came to arrest him, and her testimony was relevant to whether Hernandez participated in a conspiracy with Reyes. There was no abuse of discretion.

### 3. Agent Stevens' "adult male" testimony

■ Agent Stevens testified that she recalled hearing several voices on the recording of the 4:30 p.m. telephone conversation, including "an unknown female ... Mr. Reyes .. and ... another adult male's voice." Hernandez objected to Agent Stevens' characterization of the unknown male as an "adult male." The district court overruled the objection and instructed Hernandez's counsel that he "can cross-examine her on that." Agent Stevens' characterization of the voice as an "adult male" was rationally based on her perception of the unidentified male's voice, and such testimony would be helpful in the jury's determination of whether Hernandez was the male voice Agent Stevens heard. *Cf. United States v. Meling*, 47 F.3d 1546, 1556–57 (9th Cir.1995) (testimony of a 911 operator that caller was feigning grief is admissible lay opinion testimony). There was *no* abuse of discretion.

### 4. The transcript of the 4:30 p.m. telephone conversation.

■ Hernandez objected to the admission of a translated transcript of the 4:30 p.m. telephone conversation between Reyes and Informant Juarez on the ground that Reyes' reference to "muchacho" was translated by Agent Stevens as "young man" and not "boy." An FBI translator certified the translation as accurate, Hernandez had the opportunity to submit his own translation and call an expert witness to contest the transcript's accuracy, and Hernandez does not dispute that "muchacho" can mean "young man" or "boy," depending on the context. Under these circumstances, the trial court did not abuse its discretion in admitting the translation. *See Armijo*, 5 F.3d at 1235.

### 5. Informant testimony regarding the 4:30 p.m. telephone conversation.

■ After the entire translated transcript of the 4:30 p.m. telephone conversation was read into evidence, the government asked Informant Juarez to explain what portions of the conversation meant. Hernandez objected to two of these questions, which the court overruled. In both instances, Informant Juarez's testimony was rationally based on his perception of the telephone conversation and, as such, would assist the jury in understanding the context and meaning of the telephone conversation. *See United States v. Simas*, 937 F.2d 459, 464 (9th Cir.1991) (ruling that lay opinion testimony regarding the meaning of a conversation was admissible).[2] There was no abuse of discretion in admitting this testimony.

2. To the extent that Hernandez challenges other questions by the government about Informant Juarez's interpretation of the 4:30 p.m. telephone conversation—to which Hernandez did not object—they would be reviewed for plain error. For the reasons discussed above, it was not plain error to admit this additional testimony.

### 6. Harmless error

■ Even assuming that the district court abused its discretion in admitting any or all of the challenged testimony, any error other than the admission of the co-conspirator statement would be harmless. *See United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir.2000) (a non-constitutional evidentiary error warrants reversal of a conviction only if the error more likely than not affected the verdict). Evidence that Reyes identified Hernandez as the owner of the heroin, viewed in light of Hernandez's conduct on the afternoon of the drug transaction, was sufficient to support Hernandez's conspiracy conviction.

### C. Rule 29 motion

■ In evaluating the sufficiency of the evidence in a Rule 29(c) motion, a district court should consider " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Estrada–Macias*, 218 F.3d 1064, 1066 n. 2 (9th Cir.2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We review de novo the denial of a Rule 29(c) motion for judgment of acquittal based on insufficiency of the evidence. *United States v. Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000).

Evidence properly admitted at trial shows that Hernandez was the person Reyes consulted with about whether to go forward with the drug transaction during the 4:30 p.m. telephone conversation with Informant Juarez, and that Reyes told Informant Juarez that Hernandez was the owner of the heroin. This evidence, viewed in light of evidence of Hernandez's

conduct on the afternoon of the drug sale, is a sufficient basis to support the jury's verdict on the conspiracy charge. The trial court did not err in denying the Rule 29 motion for an acquittal.

### AFFIRMED.