**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Franklin David ROSE, Defendant—
Appellant.**

No. 00–50278.

D.C. No. CR–99–00566–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

Franklin David Rose appeals his conviction by jury trial for one count of knowingly discharging a harmful quantity of oil into United States waters, and one count of failing to immediately report such discharge, in violation of 33 U.S.C. §§ 1319(c)(2)(A), 1321(b)(3), and 1321(b)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rose's contention that the evidence was insufficient to establish his identity lacks merit because reviewing the evidence in the light most favorable to the Government, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we conclude that a reasonable fact finder could have found him to be the perpetrator. Despite some discrepancy over Rose's appearance, several witnesses identified Rose as being responsible for the oil discharge, and as being in charge of the ship. *See United States v. Garza,* 980 F.2d 546, 552 (9th Cir.1992) (applying assumption that the fact-finder resolved credibility and evidentiary conflicts in a manner that supports the verdict).

We decline to reach on direct appeal Rose's contention that trial counsel was ineffective. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992) (stating that ineffective assistance of counsel is more properly raised on collateral attack under 28 U.S.C. § 2255 unless the record is sufficient or there is an obvious denial of adequate representation).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.