**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan GUTIERREZ-ARCE,
Defendant—Appellant.**

No. 03–50085.

D.C. No. CR–00–00482–RMT–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided June 8, 2005.

■

---

Judith A. Heinz, Mark Aveis, Erik M. Silber, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Juan Gutierrez–Arce, FCITA–Federal Correctional Institution, Taft, CA, pro se.

Vicki Marolt Buchanan, Newport Beach, CA, for Defendant–Appellant.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before THOMAS and BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM**

Juan Gutierrez–Arce ("Gutierrez") appeals the district court's denial of his motion to suppress statements he made following a warrantless arrest. He makes two primary arguments: (1) the district court violated Federal Rule of Criminal Procedure 12(d) by failing to make factual findings; and (2) his warrantless arrest was not supported by probable cause and therefore violated the Fourth Amendment. As the facts are familiar to the parties, we do not repeat them here. We affirm the district court's ruling.

### I.

■ We have previously found Rule 12(d) violated only when a district court has failed to make findings when faced with a conflicting record. *See, e.g., United States v. Carbajal,* 956 F.2d 924, 931 (9th Cir.1992); *United States v. Prieto–Villa,* 910 F.2d 601, 606–10 (9th Cir.1990); *United States v. Castrillon,* 716 F.2d 1279, 1282–84 (9th Cir.1983). In this case, none of the essential facts was in dispute. Although factual findings by the district court certainly would have been helpful given the sparse record, the district court did not violate Rule 12(d). Gutierrez's request for a remand is, therefore, denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II.

The main inquiry before us is whether probable cause supported Gutierrez's warrantless arrest. "Probable cause for a warrantless arrest exists if 'under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime.' " *United States v. Fixen,* 780 F.2d 1434, 1436 (9th Cir.1986) (quoting *United States v. Gonzales,* 749 F.2d 1329, 1337 (9th Cir.1984)). We review a district court's ruling on whether probable cause supported a warrantless arrest *de novo. United States v. Butler,* 74 F.3d 916, 920 (9th Cir.1996). We agree with the district court that Gutierrez's arrest did not violate the Fourth Amendment.

■ The police had acquired sufficient information about Gutierrez and his connection to Mario Renteria ("Renteria"), who had just completed two drug transactions, to support Gutierrez's arrest. At the time of Gutierrez's arrest, the police had made the following observations: Gutierrez had been seen driving in a suspicious counter-surveillance manner in the Ramada Inn parking lot right before Renteria's first drug transaction with an undercover DEA agent; Gutierrez dropped off Renteria minutes before the first drug transaction; Gutierrez remained in the vicinity for several hours, either alone or with another man and a child; and Gutierrez again appeared at the Ramada Inn at the time of Renteria's second drug transaction. The totality of the circumstances supports the conclusion that Gutierrez was involved in Renteria's drug transactions. *See United States v. Garza,* 980 F.2d 546, 550 (9th Cir.1992) (considering "arresting agents' knowledge that drug dealers are unlikely to use innocent drivers in a multi-kilogram cocaine delivery"); *United States v. Del Vizo,* 918 F.2d 821, 826 (9th Cir.1990) (noting that "driving or acting in a counter-surveillance fashion can be [an] indicant of criminal activity"); *United States v. Hillison,* 733 F.2d 692, 697 (9th Cir.1984) (holding that defendant's association with known drug dealers close in time to illegal activity "suggested at least that [the defendant] very probably knew what business [the drug dealers] were pursuing").

**AFFIRMED.**