**Guy FELTON, Plaintiff—Appellant,**

v.

**Jeff GRIFFIN; Jerry Hoover; Billy Lang; City of Reno, Defendants—Appellees.**

No. 04–16666.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Dianne E. Foley, Tracy Chase, Creighton C. Skau, Esq., Office of the City Attorney, Reno, NV, for Defendant–Appellee.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,* * * Senior Judge.

## MEMORANDUM **

Guy Felton appeals the district court's grant of summary judgment to defendants, the City of Reno, Reno Mayor Jeff Griffin, and police officers Jerry Hoover and Billy Lang, in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

## I.  First Amendment Claims

### A.  Facial challenge

■  Felton's three challenges to the facial validity of the Reno City Council's decorum rule fail.  The First Amendment does not protect slander.[2]  Thus, the Council's rule banning it is permissible. The rule also is not vague.  "Slanderous" is an adjective for slander, a term with a known and established legal meaning.[3]  It is clear from the legal definition of slander that the rule prohibits speakers from making false statements of fact that are harmful to another's reputation.[4]  Thus, the fact that different standards[5] may apply depending on the subject of the potential slander does not render the word vague.[6] Regarding the words "impertinent" and "personal," Felton makes no argument that persons of ordinary intelligence would not know what the rule prohibits.[7]  Thus, he has not shown the words are vague.

Finally, the rule is not overbroad.  Although the rule *could* be read to bar too much protected speech,[8] the City offers a narrower construction of the rule.[9]  Narrowly construed, the rule only bans "impertinent" or "personal" speech that actually disturbs or impedes a city council

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  We review the district court's grant of summary judgment de novo. *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 269 (9th Cir.1995).

2.  *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245–46, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) ("[T]he First Amendment ... does not embrace certain categories of speech, including defamation....").

3.  *See* Black's Law Dictionary 1388 (6th Ed.1990).

4.  *Id.*

5.  *Compare New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), *with Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

6.  *See Hills v. Scottsdale Unified Sch. Dist. No. 48*, 329 F.3d 1044, 1056 (9th Cir.2003) (holding that a rule is not vague if persons of ordinary intelligence can determine what it prohibits).

7.  *See id.*

8.  *See White v. City of Norwalk*, 900 F.2d 1421, 1424, 1426 (9th Cir.1990).

9.  *Id.* at 1424.

meeting. The City's construction corrects the overbreadth problem because, in the vast majority of cases, the rule will bar only unprotected, disruptive conduct.[10] Therefore, we affirm the district court's grant of summary judgment as to Felton's facial challenge.

### B. As-applied challenge

■ No genuine issue of material fact exists as to whether Felton's behavior at the meeting was disruptive. Although Griffin cited Felton's foul language as the reason for ruling him out of order, foul language can be disruptive.[11] The undisputed facts show that, at the time Griffin silenced him, Felton's speech was more than foul. It was also repetitive, loud, and abrasive. Under those facts,[12] Griffin was well within his discretion[13] in concluding that Felton was disruptive.

## II. Fourth Amendment claim

■ No genuine issue of material fact exists regarding whether officers Hoover and Lang lacked probable cause to arrest Felton. Hoover's belief that Felton had committed or was in the process of committing a crime was reasonable.[14] Based on his experience as an officer, he believed that Felton's conduct, which was disruptive, violated the law.[15] Even though Hoover was unaware of the particular crime that Felton's conduct violated, that fact alone does not create a triable issue that he lacked probable cause to make the arrest.[16] Any officer reasonably could have believed that Felton's disruptive conduct violated Reno Municipal Code section 8.12.22.[17] Therefore, probable cause existed for Felton's arrest and the district court properly granted summary judgment on this claim.

**AFFIRMED.**

---

**10.** *Id.* at 1424–25; *see California Teachers Ass'n v. State Bd. Of Educ.,* 271 F.3d 1141, 1152 (9th Cir.2001) ("The touchstone of a facial vagueness challenge in the First Amendment context ... is not whether *some* amount of legitimate speech will be chilled; it is whether a *substantial* amount of legitimate speech will be chilled."); *Grayned v. City of Rockford,* 408 U.S. 104, 120, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (noting that an ordinance that prohibits some protected expression is not impermissibly overbroad).

**11.** *See White,* 900 F.2d at 1426 & n. 6 (holding that the use of "impertinent" or "profane" language may disrupt a city council meeting).

**12.** *Id.* at 1426 (holding that "unduly repetitious" speech may disrupt a council meeting).

**13.** *Id.* (holding that presiding officers are entitled to "a great deal of discretion" to determine whether speech is disruptive).

**14.** *Johnson v. Hawe,* 388 F.3d 676, 681 (9th Cir.2004) (holding that probable cause exists when an officer has "a reasonable belief ... that a crime has been, is being, or is about to be committed" (internal quotation marks and citation omitted)).

**15.** *See United States v. Garza,* 980 F.2d 546, 550 (9th Cir.1992) ("Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause.").

**16.** *See Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (holding that as long as "the facts known to the arresting officer at the time of the arrest" supported probable cause, the arrest was proper even if the officer invoked the wrong offense).

**17.** *See id.* ("[A]s long as the circumstances [of the arrest], viewed objectively, justify th[e] [officer's] action," the officer's subjective state of mind is irrelevant to the probable cause inquiry.) (internal quotation marks omitted).