**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeffrey Duane HEIN, Defendant—Appellant.**

**No. 05–30489.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Filed Aug. 9, 2006.

William Henry Redkey, Jr., Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert H. Gombiner, Esq., FPDWA–Federal Public Defender's Office Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: TALLMAN and BYBEE, Circuit Judges, and HUFF,* District Judge.

* The Honorable Marilyn L. Huff, United States

## AMENDED MEMORANDUM **

The district court properly concluded that Detective Moore's redacted affidavit established probable cause. Deweerdt's criminal history, and the facts contained within her written statement, were not material and their omission did not mislead the magistrate into finding probable cause. *See United States v. Garza*, 980 F.2d 546, 551 (9th Cir.1992) ("Only if omitted facts cast doubt on the existence of probable cause do they rise to the level of misrepresentation." (internal quotation marks omitted)). Considering all of the circumstances surrounding the incident, and the corroborating evidence at the crime scene, there was still sufficient evidence to establish probable cause even had the omitted facts been included. *See Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (stating that probable cause is determined by examining the totality of the circumstances).

Although the evidence suggests that Detective Moore (who drafted the request for a search warrant) did not know of the illegal search and its fruits, the record also suggests that Moore sought the warrant at the request of investigating officers who did have such knowledge. This case must be remanded under *Murray v. United States*, 487 U.S. 533, 542–43, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), so that the district court may determine whether, had the illegal search not been conducted, the police department would have nevertheless sought a warrant. *See United States v. Duran–Orozco*, 192 F.3d 1277, 1281 (9th Cir.1999) (stating that the district court must make an explicit finding as to whether the agents had an independent source to seek the search warrant).

District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

AFFIRMED IN PART and REMANDED.

courts of this circuit except as provided by 9th Cir. R. 36–3.