UNITED STATES of America, Plaintiff–Appellee,

v.

Jeffrey Duane HEIN, Defendant– Appellant.

No. 06–30557.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 2007 *.

Filed May 3, 2007.

Helen J. Brunner, Esq., William Henry Redkey, Jr., Esq., Office Of The U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert H. Gombiner, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant– Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

Before: TALLMAN and BYBEE, Circuit Judges, and HUFF,** District Judge.

MEMORANDUM ***

This matter returns to us following our remand in *United States v. Hein,* 197 Fed. Appx. 574 (9th Cir.2006). The United States correctly argues that the scope of our mandate was limited solely to resolving the question whether Mt. Vernon police had formed a subjective intent to seek a search warrant for Hein's briefcase prior to learning about other incriminating evidence found in Hein's car which was illegally entered by patrol officers without a warrant. The district court did not clearly err in finding that the detective who sought the warrant application, and the supervising patrol officer, fully intended to seek a search warrant without regard to knowing what other officers had discovered in Hein's car. *See United States v. Howard,* 447 F.3d 1257, 1262 n. 4 (9th Cir.2006) (stating that we review a district court's factual determinations for clear error).

Because the district court answered the question in conformance with Ninth Circuit caselaw, *see United States v. Duran– Orozco,* 192 F.3d 1277, 1281 (9th Cir.1999) (directing the district court on remand to make an explicit factual finding as to whether the agents would have sought a search warrant had they not conducted an

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**616**

illegal warrantless search), and did not clearly err in so finding, we

**AFFIRM.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.